UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK



United States of America,

           v.           Case 1:23-cr-00491-MAD

Oluwaseun Adekoya

     Hello Honorable Mae A' D' Agostino, the original motion *in limine* was not supposed to be filed on the docket. The motion exceed the page limit under Local Rule 7.1(b)(c) of the Northern District of New York. The motion in limine, supplemental and the Second supplemental motion in limine are the only *in limine* motions the Court should consider. The original motion in limine should be stricken from the docket or removed in its entirety. The issues raised in the motion are re-litigated in the 35-page motion, the 26 page supplemental, and the 14 page second supplemental motion *in limine*. The government has filed its witness list, exhibit list, and several other documents. The defendant is very respectful of the court and defendant is not filing frivolous motions lacking merits, though some of defendant's motion could be replete with repetitiveness, defendant spend a lot of time proof reading the motions before they are filed so the same issues are not raised. There are several evidentiary issues expected to arise at trial in this matter, the court should be able to resolve some before trial. A defendant is allowed to file motions as new matters arise. The government this week had provided defendant with three USB devices with tons of materials the government had for more than 15 months, the government this morning produced extraction report 1B90, a few days ago the government produced extraction report 1B133. These phones were seized when during the execution of an arrest warrant on December 12, 2023. The 1B133 contain several voice notes the government has to translate. I am not sure if the government is in the process of translating the audio files so defense can review the transcripts and determine its admissibility. The government stated it seeks to admit the 1B90 and 1B133 as evidence of the conspiracy in its case-in-chief. If the audio messages are not translated before trial, the jury would not understand the content of the messages if the court allows the device as evidence. The government is the problem here. The belated disclosure of evidence the government had and failed to produce to defendant for 17 months is creating issues, why are the phones just been turned over to defense when it clearly

shows the Cellebrite extraction reports for the phones were generated in April 2024. The government had ample time to produce the extraction report of the devices to the defense. The government intentionally delayed producing the reports so the defense is unable to review the contents properly. I am trying my best to review all these material in time for trial so I could effectively defense myself against this charges, the government is making things difficult by dumping voluminous discovery on the defense two weeks from trial. Defendant has a Constitutional right to address evidentiary issues that could substantially prejudice his right. If these issues are not raised, if a conviction occurs the Second Circuit would state I waived the issue since by failing to raise it in the District Court. I apologize for filing motions outside the page limit allowed. I am a defendant doing everything on my own. I have limited time in the law library. Lastly, the court has allowed supplemental motion in limine in cases in this district, in fact the Honorable Court allowed a supplemental motion in limine in *Peck v. Cnty. Of Onondaga*, 2025 U.S Dist. LEXIS 15193, *10-11 (N.D.N.Y. 2025).

On a final note, I have a proposed Court ordered *Voir Dire* I finished; the government has stated it would help me with trial exhibits for my defense case-in-chief.

Thank you for your attention to this matter,

1

May 22, 2025

/s/ _____

Oluwaseun Adekoya

Pro se

---

[1] The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984); *See also Palmeri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)

