

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

---

*445 Broadway, Room 218*          *Tel.: (518) 431-0247*
*James T. Foley U.S. Courthouse*    *Fax: (518) 431-0249*
*Albany, New York 12207-2924*

June 6, 2025

<u>By ECF</u>

Hon. Mae A. D'Agostino
United States District Judge
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

RE:    *United States v. Oluwaseun Adekoya*, 1:23-CR-491 (MAD)

Dear Judge D'Agostino:

Pursuant to Fed. R. Evid. 404(b), we write to seek the Court's permission to offer evidence at trial of the defendant's recent effort to intimidate a cooperating witness to demonstrate the defendant's consciousness of guilt. We also provide this information as a status report on the defendant's conduct, because, as Your Honor knows, he has suggested that he wants to harm people involved in this case. *See* Dkt. # 414 at 1-2.

During a meeting on June 4, 2025, Co-Conspirator 10 disclosed to members of the prosecution team that on Sunday, May 25, 2025, the defendant confronted him in the Albany County Correctional Facility, started "beefing" with Co-Conspirator 10, and said "Yeah, your name is [Co-Conspirator 10's first name], you're gonna testify." The timing of this event closely tracks with the government's filing of pretrial papers, including its witness list, on May 19, 2025 and its in-person disclosure on May 23, 2025 to the defendant of a key of the anonymized cooperator, uncharged co-conspirator, and victim names used in the government's filings. Co-Conspirator 10 also reported that: (1) the defendant had called him a "snitch" when passing Co-Conspirator 10 in the hallway; (2) Co-Conspirator 10 had received a note that he believed was from the defendant saying "stop snitching before you get yours"; and (3) Co-Conspirator 10 had learned from another inmate that the defendant was offering $500 to anyone who would "get" Co-Conspirator 10.[1] We promptly informed the U.S. Marshals Service of this conduct and understand that the defendant will be moved out of the Albany County Correctional Facility today.

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Nonetheless, it "may be admissible for another purpose, such as proving

---

[1] Another co-conspirator recently disclosed that the defendant offered to pay him a significant sum of money to go to trial with the defendant.

motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Courts in this Circuit "follow[] the 'inclusionary' approach, which admits all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402." *United States v. Moran-Toala*, 726 F.3d 334, 345 (2d Cir. 2013) (internal quotation marks omitted). Such evidence is admissible if it is: (1) advanced for a proper purpose; (2) relevant to the crimes for which the defendant is on trial; (3) has probative value that is not substantially outweighed by any unfair prejudicial effect; and (4) the district court provides an appropriate limiting instruction. *See, e.g.*, *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006), *abrogated on other grounds by United States v. Cabrera*, 13 F.4th 140 (2d Cir. 2021). Rule 403, in turn, provides that relevant evidence may be excluded "if its probative value is *substantially* outweighed by a danger . . . of unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403 (emphasis added). Evidence that is neither "more sensational" nor "more disturbing" than the charged crimes is not unfairly prejudicial. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990).

The Second Circuit has "upheld the admission of evidence of attempted witness or jury tampering as probative of a defendant's consciousness of guilt." *United States v. Perez*, 387 F.3d 201, 209 (2d Cir. 2004) (citing *United States v. Mickens*, 926 F.2d 1323, 1329 (2d Cir. 1991)); *cf. United States v. Morgan*, 2009 WL 3644213, at *6 (N.D.N.Y. Oct. 27, 2009) ("evidence that Defendant sought to have the confidential informant killed was admissible to rebut Defendant's contention that he had not committed the crimes and had been set up . . . and to demonstrate consciousness of guilt"). In *Mickens*, the Second Circuit affirmed "the district court's decision to permit [the defendant's] former attorney to testify that [he] had made a hand gesture in the shape of a gun as the former attorney entered the courtroom to testify" because "an effort to intimidate a key prosecution witness was probative of [the defendant's] state of mind." 926 F.2d at 1328-29. Similarly, in *United States v. Bein*, the Second Circuit held that proof of a defendant's altercation with a cooperating witness was admissible on the issue of consciousness of guilt. 728 F.2d 107, 114-15 (2d Cir. 1984).

Evidence of the defendant's attempts to intimate Co-Conspirator 10 on May 25, 2025 and labeling him as a snitch should be allowed subject to a limiting instruction under Rule 404(b).[2] First, this evidence will be offered for a proper purpose—the defendant's consciousness of guilt. *See Mickens*, 926 F.2d at 1328-29; *Bien*, 728 F.2d at 114-15. Second, the defendant's non-lethal threats to Co-Conspirator 10 pass muster under Rule 403's balancing test. This evidence is probative of the defendant's consciousness of guilt and not particularly inflammatory. *See Mickens*, 926 F.2d at 1329 (defendant's gun hand gesture at witness was not unfairly prejudicial in narcotics trial); *cf.* Dkt. # 429 at 7-8 (Court's ruling that the probative value of the defendant's statements about wanting to kill a deceased co-conspirator and hoping she burned in hell "substantially outweigh[ed] [that evidence's] prejudicial effect").

---

[2] Out of an abundance of caution, the government is not seeking the admission of testimony related to the threatening note or bounty described above because they were not received directly from the defendant by Co-Conspirator 10. *Cf. United States v. Cummings*, 858 F.3d 763, 773-74 (2d Cir. 2017).

Respectfully submitted,

JOHN A. SARCONE III
United States Attorney

By:    */s/ Joshua R. Rosenthal*
Benjamin S. Clark
Joshua R. Rosenthal
Matthew M. Paulbeck
Assistant United States Attorneys
Bar Roll Nos. 703519 / 700730 / 705086

cc:  Oluwaseun Adekoya (defendant; by hand)
Ryan Forbes, Esq. (standby counsel; by ECF)

## <u>CERTIFICATE OF SERVICE</u>

I, Joshua R. Rosenthal, hereby certify that on June 6, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system and served it and the unreported case cited therein on defendant Oluwaseun Adekoya by hand via the U.S. Marshals Service.  I further certify that I disclosed to the defendant the FBI's report of the interview referred to above.

By:    */s/ Joshua R. Rosenthal*
       Joshua R. Rosenthal
       Assistant United States Attorney