

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

---

*445 Broadway, Room 218*     Tel.: (518) 431-0247
*James T. Foley U.S. Courthouse*     Fax: (518) 431-0249
*Albany, New York 12207-2924*

June 18, 2025

**By ECF**

Hon. Mae A. D'Agostino
United States District Judge
Northern District of New York
445 Broadway
Albany, New York 12207

     RE:    *United States v. Oluwaseun Adekoya*, 1:23-CR-491 (MAD)

Dear Judge D'Agostino:

     The defendant seeks to recall Coconspirator 10 for further cross examination based on extrinsic materials provided by the Albany County Correction Facility ("ACCF") purportedly relevant to the defendant's May 25, 2025 confrontation and threat against Conspirator 10 inside of ACCF. While these materials do little to disprove such interaction occurred, the government has no objection to recalling Coconspirator 10 on June 20, 2025[1] for further cross examination, provided the Court preclude the admission of any extrinsic evidence pursuant to Federal Rule of Evidence 608(b).

     By way of background, on June 13, 2025, the government called Coconspirator 10 to testify about his role in the defendant's conspiracy. During the testimony, Coconspirator 10 testified that on May 25, 2025[2] the defendant confronted them in threatening manner inside of ACCF about their cooperation with the government. Coconspirator 10 stated this confrontation occurred when they were returning from a medical appointment.

     Anticipating Coconspirator 10's testimony about this confrontation, which was addressed by the government in a pre-trial letter motion pursuant to Fed. R. Evid. 404(b) (Dkt. # 433), the defense sought records from ACCF including a "complete log of inmate movement in the handbook from May 25, 2025, as well as the movements of [Coconspirator 10] from May 25,

---

[1] Because the Court is in recess on June 19, 2025 for a federal holiday this is the earliest date the government could recall the witness.
[2] As set out in the testimony of legal assistant Taylor Oathout, the government showed the defendant the names of the cooperating witnesses two days prior to this confrontation.

Letter to Hon. Mae A. D'Agostino
*United States v. Oluwaseun Adekoya*
1:23-CR-491 (MAD)
June 18, 2025
Page 2

2025 through July 5, 2025" and video footage from "May 25, 2022." The defendant has repeatedly claimed that such records will prove that it was impossible for the defendant and Coconspirator 10 to have interacted on that day.

On June 17, 2025, the parties received ACCF's response to the subpoena which included a "daily moves" log, inmate and housing history for the defendant and Coconspirator 10, and what appear to be handwritten logs dated May 24, 2025 and May 25, 2025.

It is unclear whether these records disprove the interaction as the defendant contends. Indeed, many portions of the records are illegible and require further explanation from a qualified custodian[3], which would have the effect of creating a distracting mini-trial. Similarly, many portions of ACCF are not depicted on the video surveillance.

In an abundance of caution, however, the government does not object to recalling Coconspirator 10 on Friday for further cross examination.

As the Court is will aware, Fed. R. of Evid. 608(b) provides as follows:

> (b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or
>
> (2) another witness whose character the witness being cross-examined has testified about.

The Advisory Committee Notes to this subsection explain how the rule is intended to operate, mindful that cross examination of this type offers "substantial" possibilities for abuse that without guardrails could result in a trial within the trial about whether a particular witness was untruthful at some point in the past.

---

[3] For example, it is unclear whether movements to the "infirmary" include routine medical appointments, drug treatment, and psychological examinations as opposed to longer-term, inpatient medical care. Indeed, because the records show that only three inmates in ACCF were transported to the infirmary on May 25, 2025, it appears to be the latter but requires further explanation.

Letter to Hon. Mae A. D'Agostino
*United States v. Oluwaseun Adekoya*
1:23-CR-491 (MAD)
June 18, 2025
Page 3

> Particular instances of conduct, though not the subject of criminal conviction, may be inquired into on cross-examination of the principal witness himself or of a witness who testifies concerning his character for truthfulness. Effective cross-examination demands that some allowance be made for going into matters of this kind, but the possibilities of abuse are substantial. Consequently safeguards are erected in the form of specific requirements that the instances inquired into be probative of truthfulness or its opposite and not remote in time. Also, the overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury, and that of Rule 611 bars harassment and undue embarrassment.

*See* Advisory Committee Note to subdivision (b).

Following 2003 amendments to the Rule, the Advisory Committee Notes were updated to clarify that the prohibition on introducing extrinsic evidence applies when the reason for proffering the evidence is to attack or support character of truthfulness. *Id.*

In sum, although Rule 608(b) permits inquiry into specific instances of purported conduct probative of untruthfulness, the defendant much accept the answer he gets.

Applying these standards, it is debatable whether questioning Coconspirator 10 about these logs is proper. Indeed, Coconspirator 10 has never seen these logs and is unqualified to comment on their significance. It is unclear how the defendant's questioning of Coconspirator 10 about unfamiliar materials that require explanation from a custodian with knowledge about ACCF's policies, procedures, and paperwork, is probative of Coconspirator 10's truthfulness.

In an over-abundance of caution, however, the government does not object to permitting further cross examination by the defendant. The defendant should not be permitted to introduce any extrinsic materials into evidence and must accept the answer he gets from Coconspirator 10 during his examination.

Letter to Hon. Mae A. D'Agostino
*United States v. Oluwaseun Adekoya*
1:23-CR-491 (MAD)
June 18, 2025
Page 4

                  Respectfully,

                  JOHN SARCONE III
                  United States Attorney

By:    *s/ Matthew Paulbeck*
                  Matthew Paulbeck (Bar Roll No. 705086)
                  Benjamin S. Clark (Bar Roll No. 703519)
                  Assistant United States Attorneys