UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      v.

                                       Case No. 23-cr-491 (MAD)

OLUWASEUN ADEKOYA,

                Defendant.

## SENTENCING MEMORANDUM ON BEHALF OF OLUWASEUN ADEKOYA

**HACKER MURPHY, LLP**

Julie A. Nociolo, Esq.
*Attorney for defendant*
*Oluwaseun Adekoya*[1]
Bar Roll No. 519914
28 Second Street
Troy, NY  12181
(518) 274-5820
jnociolo@hackermurphy.com

---

[1] The Court granted Mr. Adekoya's request to appoint above named defense counsel for sentencing only. Dkt. No. 647.  Defendant represented himself *pro se* at trial with different standby counsel and posttrial prior to sentencing.  In his request, Mr. Adekoya indicated his desire to continue *pro se* in any postsentencing proceeding including on his appeal. Dkt. No. 644 at 2 ("Defendant respectfully requests that this Honorable Court [r]elieve current pro se for the limited purpose of sentencing, without prejudice to further pro se representation and reinstatement after sentencing").

**I.      INTRODUCTION**

Oluwaseun Adekoya, a 40-year-old husband and father, stands before this Court convicted after trial of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1349, 1344(1) and (2), one count of conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and (a)(1), and eight counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and (2).

From the outset, Mr. Adekoya challenged the government's case based on a procedural argument that affected his substantive rights, namely, that the government did not have proper venue to charge him in the Northern District of New York. After exercising his right to trial, the jury rendered a guilty verdict on all counts. Mr. Adekoya respects the jury verdict while still preserving his legal rights before this Court and on appeal.

Ultimately, Mr. Adekoya asks that the Court adopt his arguments on his guideline calculation, run his sentence on Counts 3 through 11 concurrent to each other and consecutive to Counts 1 and 2, order a Fatico hearing to calculate restitution attributable to the defendant, and impose a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a)(2).

Mr. Adekoya incorporates into this sentencing memorandum his objections to the presentence investigation report (PSR), which were timely filed with probation. Based his objections, defendant calculates his guideline range as follows:

| Sentencing Guideline Provision | Points Allocated |
|---|---|
| **Counts 1-2: Grouped Conspiracy Convictions** ||
| U.S.S.G. § 2B1.1(a)(1) Base Offense Level | 7 |
| U.S.S.G. § 2B1.1(b)(1)(I) Loss Amount | +16 |
| U.S.S.G. § 2B1.1(b)(2)(A)(i) 10 or more victims | +2 |
| U.S.S.G. § 2S1.1(b)(2)(B) 18 U.S.C. § 1956 conviction | +2 |
| U.S.S.G. § 3B1.1(a): Organizer or Leader | +4 |
| U.S.S.G. § 3E1.1: Acceptance of Responsibility | -2 |
| Total Offense Level | 29 |
| Criminal History Category | IV |
| Guideline Range | 121-151 months |
| **Counts 3-11: Aggravated Identity Theft Convictions** ||
| U.S.S.G. § 2B1.6 | 2 years consecutive to sentence on Counts 1-2 |
| **Total Guideline Range** | **145-175 months** |

For the reasons previously objected to, which are further discussed below, the Court should not impose points for the following enhancements: relocation or sophisticated means under U.S.S.G. § 2B1.1(b)(10)(A) and (C) or obstruction of justice under U.S.S.G. § 3C1.1. Although defendant challenged the government's case at trial, he should nevertheless be credited for acceptance of responsibility under Section 3E1.1 of the United States Sentencing Guidelines based on the procedural nature of his defense. See U.S.S.G. § 3E1.1 app. n.2.

Additionally, for the reasons discussed below, the Court should impose a mandatory two-year sentence for each of defendant's aggravated identity theft convictions (Counts 3-11) to run concurrent to each other and consecutive to the sentence imposed on Counts 1 and 2.

Finally, Mr. Adekoya challenges the restitution amount calculated by probation and respectfully requests the Court order a Fatico hearing and make factual findings to determine the restitution attributable to defendant. Defendant acknowledges that his challenge to the total restitution amount will not impact the calculation of guideline enhancement for the loss amount

under Section 2B1.1(b)(1) of the United States Sentencing Guidelines but only the amount of restitution ordered in his case.

## II. FORMULATING A FAIR SENTENCE

It is black letter law that the guidelines are advisory and are simply one consideration among many sentencing factors and that 18 U.S.C. §3553(a) provides the framework and the criteria which the Sentencing Judge must consider. See United States v. Booker, 543 U.S. 220 (2005). At the end of the analysis the punishment must be just and fair and must meet the fundamental dictate for federal sentencing that the sentencing process shall result in: "a sentence sufficient but not greater than necessary" to achieve the goals of a fair, proportionate, balanced and just sentence. Id. at 245-46.

The following criteria are provided by Section 3553(a):

- the nature and circumstances of the offense, and history and characteristics of the defendant;
- the need for the sentence imposed-
    (A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;
    (B) to avoid adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant;
    (D) to provide the defendant education, training, medical care or treatment
- the kinds of sentences available;
- the sentencing guidelines;
- any pertinent policy statements in the guidelines;
- the need to avoid sentencing disparity;
- the need to provide restitution.

See 18 U.S.C. §3553(a).

For the reasons set forth, Mr. Adekoya asks that the Court impose a sentence commensurate with the nature of his offense: a financial fraud with a calculated loss amount in the low seven figures. In asking for such a sentence, the defense recognizes that the jury found him

4

guilty on all counts of aggravated identity theft and his conduct impacted hundreds of victims including individuals and financial institutions.

### III.     AGGRAVATED IDENTITY THEFT SENTENCE

The Court should impose a two-year mandatory sentence for Mr. Adekoya's eight aggravated identity theft convictions and exercise its discretion and order the sentences run concurrent to each other and consecutive to the sentence on Counts 1 and 2.

A court must impose a two-year sentence for a conviction of aggravated identity theft to run consecutively to a predicate felony conviction. See 18 U.S.C. § 1028A. The predicate felony convictions here are conspiracy to commit bank fraud (Count 1) and conspiracy to commit money laundering (Count 2). See Dkt. No. 299. Under Section 3D1.2(c) of the United States Sentencing Guidelines, the counts are grouped as related counts, which both probation and the government agree. See PSR ¶ 28; Dkt. No. 649 at 4.

Although a sentence under Section 1028A is generally imposed consecutively, the statute allows a court to exercise its discretion and "run [the sentence] concurrently . . . only with another term of imprisonment that is imposed by the court at the same time on that person for an additional violation of [18 U.S.C. § 1028A]." 18 U.S.C. § 1028A(b)(4). When the underlying offenses are grouped, the general rule is that multiple counts of aggravated identity theft should run concurrently. See U.S.S.G. § 5G1.2 app. n.2(B). The statute directs a court to exercise its discretion following the guidelines and policy set forth by the United States Sentencing Commission. Id.

The sentencing guidelines specifically instruct how a court should determine whether to impose a consecutive or concurrent sentence on multiple aggravated identity theft convictions:

5

> In determining whether multiple counts of 18 U.S.C. § 1028A should run concurrently with, or consecutively to, each other, the court should consider the following non-exhaustive list of factors:
>
> (i) The nature and seriousness of the underlying offenses. For example, the court should consider the appropriateness of imposing consecutive, or partially consecutive, terms of imprisonment for multiple counts of 18 U.S.C. § 1028A in a case in which an underlying offense for one of the 18 U.S.C. § 1028A offenses is a crime of violence or [a terrorism] offense.
>
> (ii) Whether the underlying offenses are groupable under § 3D1.2 (Groups of Closely Related Counts). *Generally, multiple counts of 18 U.S.C. § 1028A should run concurrently with one another in cases in which the underlying offenses are groupable under §3D1.2.*
>
> (iii) Whether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence for multiple counts of 18 U.S.C. § 1028A.

U.S.S.G. § 5G1.2 n. 2(B) (emphasis added). Both probation and the government agree that the underlying offenses (bank fraud conspiracy [Count 1] and money laundering conspiracy [Count 2]) are properly grouped as closely related counts under Section 3D1.2 of the United States Sentencing Guidelines. See PSR ¶ 75 and Dkt. No. 649 at 4. As such, the Court should follow the guidance from the Sentencing Commission as mandated by 18 U.S.C. § 1028A(b)(4) and impose sentence on defendant's aggravated identity theft convictions concurrent to each other. See U.S.S.G. § 5G1.2 n. 2(B)(ii).

To be sure, the nature of defendant's offense here does not involve violence or terrorism, cf. U.S.S.G. § 5G1.2 n. 2(B)(i), but instead is a financial fraud, which seriousness is accounted in the loss amount already factored into defendant's guideline calculation, see U.S.S.G. § 2B1.1(b)(1)(I).

6

The government's reliance on United States v. Chibuko does not mandate a different conclusion. See 617 F. App'x 82 (2d Cir. 2015). This nonprecedential summary order confirms what the statute and guideline instruct district courts to do: follow the general rule from application note 2(B)(ii) and exercise discretion in whether to deviate from this rule. See 617 F. App'x at 84.

To support its argument for a partial consecutive aggravated identity theft sentence, the government cites the same factors which form the factual basis of its proposed enhancements for sophisticated means, obstruction of justice, and organizer and leader, its declination to reduce defendant's guideline calculation for acceptance of responsibility, and Mr. Adekoya's calculated criminal history category. See Dkt. No. 649 at 4-8. While defendant objects to the scoring of certain enhancements, all the factors cited by the government are already accounted for in Mr. Adekoya's calculated guideline range. See PSR ¶ 43. Rather, a twenty-four-month mandatory sentence on his aggravated identity theft convictions imposed concurrently to each other and consecutive to the conspiracy counts follows the dictates of the statute and the sentencing guidelines.

**IV.    GUIDELINE ENHANCEMENTS & CALCULATION**

**A.  U.S.S.G. § 2B1.1(b)(10)(A) and (C): Relocation & Sophisticated Means**

The Court should not impose sentencing enhancements for relocation or sophisticated means. See U.S.S.G. §§ 2B1.1(b)(10)(A), (C). The government contends that Mr. Adekoya "plainly participated in relocating a fraudulent scheme to another jurisdiction to evade law enforcement" and "[h]e did so every time he sent his managers and workers to do a shared branching transaction, using a victim from one state at a branch in a different state." Dkt. No. 649 at 9. What the

7

government describes is the nature or expansion of the fraudulent scheme not an evasion of law enforcement by relocating the scheme.

This case is precisely the circumstance where courts have declined to impose the relocation enhancement. See United States v. Hines-Flagg, 789 F.3d 751, 754-57 (7th Cir. 2015) (holding the enhancement does not "appl[y] to fraudulent scheme that operate in or cross multiple jurisdictions, nor does any commentary on this sub-section indicate such an application"); United States v. Zano, 2024 WL 2828867, at *1-2 (11th Cir. 2024) (holding the enhancement requires "some evidence that the location of the criminal enterprise was intended to change (i.e. relocate) over time to evade law enforcement or regulatory officials"); United States v. Morris, 153 F. App'x 556, 557-58 (11th Cir. 2005); see also United States v. Paredes, 461 F.3d 1190, 1193 (10th Cir. 2006) (The enhancement "clearly refers to the relocation of the *scheme* only") (emphasis in original).

The government fails to present sufficient evidence that Mr. Adekoya engaged in conduct involving multiple jurisdictions to specifically avoid detection. Accordingly, the Court should not score the relocation enhancement.

Nor should the Court score the sophisticated means enhancement. Concededly, this case is not a garden variety fraud, but it does not meet the threshold to score the sophisticated means enhancement.

The Guidelines define "sophisticated means" as an "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1(b)(10)(C) n. 9(B). The application note goes on to describe examples of qualifying frauds:

> For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the

8

> use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

Id.  In support of the sophisticated means enhancement, the government cites defendant's use of an alias to access identifying information of individuals with home equity lines of credit, use of the encrypted application Telegram, use of burner phones to contact financial institutions while impersonating individuals to access their accounts, and working with other individuals who used fake identification to obtain proceeds. Dkt. No. 649 at 10. Nothing about these facts together or individually is particularly complex. See United States v. Guldi, 141 F.4th 435, 453 n.4 (2d Cir. 2025) (collecting case comparators where courts applied the sophisticated means enhancement). The Second Circuit makes clear that it has "never said *every* multi-step effort to conceal an offense warrants an enhancement" because "[s]uch a rule would be flatly inconsistent with the Guidelines, which tell us that the enhancement is warranted only for 'especially complex or especially intricate' conduct." Id. (quoting U.S.S.G. § 2B1.1. app. n. 9(B)). For these reasons, the Court should not score this enhancement.

### B.  U.S.S.G. § 3C1.1: Obstruction of Justice

The Court should not apply the obstruction of justice enhancement. The government asks the Court to apply this sentencing enhancement for two reasons: (1) Mr. Adekoya intimidated co-conspirator 10 and (2) Mr. Adekoya wiped his primary burner phone at the time of his arrest. See Dkt. No. 649 at 11-14.

First, the government's contention that Mr. Adekoya intimidated coconspirator 10 in the halls of Albany County Correction Facility on May 25, 2025 is belied by the subpoenaed jail records. See Exhibit 1. The jail records indicate coconspirator 10 did not leave his housing on the date he

9

alleged Mr. Adekoya intimidated him in the hallway making his testimony about this incident incredible. Nor do any of Mr. Adekoya's statements over recorded jail calls satisfy the requisite standard that he "willfully obstructed or impeded . . . the administration of justice." U.S.S.G. § 3C1.1; see also United States v. Khedr, 343 F.3d 96, 102 (2d Cir. 2003) ("[W]e have generally limited the application of the Guideline to those cases in which "the defendant had the specific intent to obstruct justice"). The Court should reject the government's request to score the obstruction enhancement on this ground.

Second, the government fails to put forth sufficient evidence that Mr. Adekoya obstructed justice at the time of his arrest. As the government correctly concedes, see Dkt. No. 649 at 12, the Court must find that a defendant's conduct contemporaneous with his arrest was "a material hinderance to the official investigation or prosecution of the instant offense or the sentencing of the offender" to score the enhancement on this ground. U.S.S.G. § 3C1.1 app. n. 4(D). The government, here, asks the Court to make inferential leaps to conclude that Mr. Adekoya wiped his *primary* phone at the time of his arrest and then speculates about what information it could have found on the phone. See Dkt. No. 649 at 12-13. The Court should decline the government's invitation to conclude that Mr. Adekoya's alleged conduct contemporaneous with his arrest amounted to a material hinderance of an official investigation without more.

Finally, defendant agrees with the government that the Court should not score the obstruction of justice enhancement based on certain statements made in his pretrial filings while representing himself *pro se*. See Dkt. No. 649 at 14.

### C. U.S.S.G. § 3E1.1: Acceptance of Responsibility

The Court should find that defendant accepted responsibility warranting a two-level reduction on his guideline calculation. Here, Mr. Adekoya exercised his rights and challenged the government's case at trial. This alone does not disqualify him from the acceptance of responsibility reduction. See U.S.S.G. § 3E1.1 app. n.2 ("Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt [e.g., to make a constitutional challenge to a statute or challenge to the applicability of a statute to his conduct]"). Rather, as stated above, Mr. Adekoya argued a procedural defense of improper venue, which impacted his substantive rights and proceeded to trial to preserve this legal argument. Indeed, as Mr. Adekoya notes in his objections to the PSR, "[t]he record shows that defendant did not deny committing the underlying conduct" and that throughout the trial he made speaking objections to clarify that "he was not denying his involvement in the offense conduct."

## V. RESTITUTION

Finally, Mr. Adekoya challenges the calculation of his restitution in the PSR and respectfully requests the Court order a Fatico hearing. Specifically, Mr. Adekoya contests restitution which includes the United States treasury check at Hudson Valley CU (8/4/23: $173,219.43), the loan at Sunmark CU (8/17/25: $19,561.45) the loans at First New York Federal Credit Union (9/21/23: $19,984 & 9/28/23: $20,000) and the transaction at ESL Federal Credit Union (10/11/23: $30,000). See PSR ¶ 20 at p.28-30. The PSR indicates that the runner for each of the above listed transactions is unidentified. See id. Mr. Adekoya contends that these transactions were conducted solely by

11

Mr. Daniyan after he and Mr. Daniyan had a falling out on or about May 30, 2023. Mr. Adekoya intends to introduce the cellebrite report from Mr. Daniyan's phone to support his contention. These transactions were not within the scope of the jointly undertaken criminal activity, in furtherance of criminal activity, nor reasonably foreseeable in connection with that criminal activity. Accordingly, the Court should order a <u>Fatico</u> hearing to determine the restitution attributable to Mr. Adekoya.

## VI. CONCLUSION

For the reasons set forth above, Mr. Adekoya respectfully asks that the Court adopt his arguments on his guideline calculation, run his sentence on Counts 3 through 11 concurrent to each other and consecutive to Counts 1 and 2, order a <u>Fatico</u> hearing to calculate restitution attributable to the defendant, and impose a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a)(2).

DATED: November 13, 2025

Respectfully submitted,

HACKER MURPHY, LLP

JULIE A. NOCIOLO, ESQ.
Bar Roll No. 519914
*Attorney for defendant*
*Oluwaseun Adekoya*
28 Second Street
Troy, New York 12180
(518) 247-5820

## **CERTIFICATE OF SERVICE**

      I, Julie A. Nociolo, hereby certify that on November 13, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Assistant United States Attorneys Benjamin Clark, Joshua Rosenthal, and Matthew Paulbeck.

                                                         HACKER MURPHY LLP

                                                         JULIE A. NOCIOLO, ESQ.
                                                         *Attorney for defendant*
                                                            *Oluwaseun Adekoya*